```
          IN THE UNITED STATES DISTRICT COURT
               FOR THE DISTRICT OF KANSAS
```

**CLIFFORD HOOD,**

                  Petitioner,

      v.                                  CASE NO. 05-3144-SAC

**DAVID R. MCKUNE,**

                  Respondent.

### <u>O R D E R</u>

Petitioner, a prisoner incarcerated in Lansing Correctional Facility in Lansing, Kansas, initiated this action with a pleading captioned as a PREMATURE MOTION TO FILE OUT OF TIME a petition for writ of habeas corpus under 28 U.S.C. 2254. By an order dated March 29, 2005, the court liberally construed the pleading as a petition for writ of habeas corpus under 28 U.S.C. 2254, and directed petitioner to submit either the $5.00 district court filing fee or an executed form motion for seeking leave to proceed in forma pauperis under 28 U.S.C. 1915. When petitioner failed to take either action, the court dismissed the petition without prejudice on April 25, 2005.[1]

Before the court is petitioner's motion for rehearing (Doc. 5) and payment of the $5.00 district court filing fee. Petitioner seeks reconsideration of the dismissal of his

---

[1] The court also advised petitioner of the time limitation restrictions imposed by 28 U.S.C. 2244(d) as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) on April 24, 1996.

petition, and states he was in the prison infirmary and unaware of the March 29 and April 25 court orders until his return to general population.

The court grants petitioner's motion for rehearing and reinstates the action. However, the court again finds the petition should be dismissed without prejudice. Petitioner clearly states he is currently pursuing relief in the state courts in a pending motion for post-conviction relief under K.S.A. 60-1507, and thus has not yet fully exhausted state court remedies. *See* 28 U.S.C. 2254(b)(1)(application for writ of habeas corpus on behalf of person in custody pursuant to state court judgment "is not to be granted unless it appears the applicant has exhausted state court remedies, or that such remedies are unavailable or ineffective under the circumstances.").

The court is unable to determine from the face of the petition whether any time remains in the one year limitation period imposed by 28 U.S.C. 2244(d) on petitioner's filing of a habeas petition under 28 U.S.C. 2254.[2] Upon full exhaustion of

---

[2] From the facts provided, it appears petitioner's state court conviction became final on December 26, 2000, upon expiration of the time for seeking certiorari review in the United States Supreme Court in petitioner's direct appeal. The one year limitation period then began running, and the running was tolled when petitioner filed a motion for post-conviction relief under K.S.A. 60-1507 at some time in 2001. The remainder of the one year limitation period resumed running for periods related to petitioner's out of time appeal in that state court action, *see* Gibson v. Klinger, 232 F.3d 799 (10th Cir. 2000), and when the denial of relief on petitioner's 1507 motion became final sometime in November 2003, Petitioner filed his pending 1507 motion in the state courts on September 27, 2004.

state court remedies on his pending post-conviction motion, petitioner is advised to act diligently in refiling his habeas application in federal court.[3]

IT IS THEREFORE ORDERED that petitioner's motion for rehearing (Doc. 5) is granted, and that this habeas action is reinstated.

IT IS FURTHER ORDERED that the reinstated habeas petition is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED: This 14th day of June 2005 at Topeka, Kansas.

s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge

---

[3] If the one year period expired prior to petitioner's filing of his pending 1507 motion, then habeas corpus relief under 28 U.S.C. 2254 is time barred absent a showing that petitioner is entitled to equitable tolling of the limitation period. *See* Marsh v. Soares, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[equitable tolling] is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"), *cert. denied,* 531 U.S. 1194 (2001); Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000)(equitable tolling of AEDPA limitations period is limited to rare and exceptional circumstances).